

**GOODSTADT** ATTORNEYS AT LAW
LAW GROUP, PLLC

Manhattan
520 Eighth Avenue, 14th Floor
New York, New York 10018
T: 646.430.8295  F: 646.430.8294

Long Island
One Old Country Road, Suite 347
Carle Place, New York 11514
T: 516.307.1880  F: 516.307.1879

**Andrew Goodstadt**
agoodstadt@goodstadtlaw.com

July 16, 2014

**VIA ECF**
Honorable Denis R. Hurley
United States District Judge
Eastern District of New York
P.O. Box 9014
100 Federal Plaza
Central Islip, New York  11722

    Re:    <u>Lawrence v. Sol G. Atlas Realty Co., Inc., et al., 14-cv-3616 (DRH)(GRB)</u>

Dear Judge Hurley:

We represent Plaintiff Winston Lawrence in the above referenced matter, and write in response to Defendants' request for a pre-motion conference in advance of their contemplated Motions to Dismiss. As set forth below, Defendants' Motion to Dismiss would be futile, as a review of the collective bargaining agreement ("CBA") relied upon by Defendants clearly demonstrates a lack of any "clear and unmistakable" intent to arbitrate Mr. Lawrence's statutory discrimination and retaliation claims, in the manner required by the United States Supreme Court in <u>Wright v. Universal Maritime Serv. Corp.</u>, 525 U.S. 70 (1998), and <u>14 Penn Plaza LLC v. Pyett</u>, 556 U.S. 247 (2009). Indeed, the explicit language required for a "clear and unmistakable" intent to arbitrate such claims – which was the focus of the Court's decision in <u>Pyett</u> and every other case cited by Defendants – is <u>not</u> included in the CBA, notwithstanding the fact that the same union negotiated the collective bargaining agreement in <u>Pyett</u> and the instant CBA. Clearly if the parties intended to require the arbitration of Mr. Lawrence's statutory claims of discrimination and retaliation, they would have included the same language. However, they did not, and thus did not intend to include such claims within the negotiated mandatory grievance procedures.

It is well-settled that "any CBA requirement to arbitrate [a statutory claim] must be particularly clear," and a court should "not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.'" <u>Wright</u>, 525 U.S. at 79. Indeed, "the content of the CBA is determinative." <u>Shipkevich v. Staten Island Univ. Hosp</u>, 08 Civ. 1008, 2009 U.S. Dist. LEXIS 51011, at *5 (E.D.N.Y. June 16, 2009). And, as Judge Karas recently recognized, "[c]ourts in the Second



Honorable Denis R. Hurley
July 16, 2014
Page 2

Circuit will find that a CBA 'clearly and unmistakably' encompasses statutory claims if either of two conditions are met: First, a [union] waiver [to a federal forum for statutory claims] is sufficiently explicit if the arbitration clause contains a provision whereby employees *specifically agree to submit all federal causes of action* arising out of their employment to arbitration. . . . Second, [such] a waiver may be sufficiently clear and unmistakable when the CBA contains an *explicit incorporation of the statutory . . . requirements* in addition to a broad and general arbitration clause. Courts agree that *specific incorporation requires identifying the . . . statutes by name or citation*." Kaye v. Orange Reg'l Med. Ctr., 975 F. Supp. 2d 412 (S.D.N.Y 2013) (citations omitted) (emphasis in original).

Here, neither condition can be met. First, neither the arbitration provision nor the "No Discrimination" provision in the CBA mentions anything about statutory claims of discrimination or retaliation, let alone any specific agreement to arbitrate such claims or an explicit incorporation of the specific statutes at issue in this litigation. Certainly there can be no agreement – explicit or otherwise – whereby Mr. Lawrence has agreed to submit all federal causes of action to arbitration where the CBA, on its face, does not even mention any federal or other statutes. Second, the CBA does not incorporate the statutory requirements by name or citation. To the contrary, the language in the CBA is nearly identical to that in Shipkevich, where Judge Block rejected the identical argument made here by Defendants. 2009 U.S. Dist. LEXIS 51011, at *5-6. In Shipkevich, the collective bargaining agreement, in a nearly identical manner to the CBA here, prohibited discrimination based on a litany of characteristics without mention of any statutes, and included a broad arbitration provision without any reference to statutory claims of discrimination. Id. at *3-4. As such, the Court held that plaintiff was not required to arbitrate his Title VII and NYSHRL claims because the collective bargaining agreement did not "clearly and unmistakably" require arbitration of statutory anti-discrimination claims. Id. at *5-7. Accord Quintanilla v. Suffolk Paving Corp., 09 Civ. 5331, 2011 U.S. Dist. LEXIS 34193, at *11 (E.D.N.Y. Feb. 10, 2011) ("Courts have required specific references in the arbitration agreement to the statutes in question or to federal statutes generally."), accepted by 2011 U.S. Dist. LEXIS 34188 (E.D.N.Y. Mar. 28, 2011).

Mr. Lawrence's claims arise from Defendants' violations of Title VII, Section 1981 and the New York State Human Rights Law ("NYSHRL"), as well as their unlawful retaliation in violation of the FLSA and New York Labor Law. Since the CBA does not even mention any agreement to submit federal causes of action to arbitration or reference any statutes, let alone the specific statutes in question, such claims cannot be required to be arbitrated.

The cases cited by Defendants do not change this result. Indeed, the collective bargaining agreements in each and every case cited by Defendants explicitly enumerated the federal



Honorable Denis R. Hurley
July 16, 2014
Page 3

statutes upon which the plaintiffs in those cases relied as claims that shall be subject to mandatory arbitration. See, e.g., Pyett, 556 U.S. at 252 ("No Discrimination" provision explicitly enumerated Title VII, ADA, ADEA, NYSHRL and local statutes for which grievance and arbitration provision shall be "sole and exclusive remedy for violations"); Greene v. Am. Bldg. Maint., 119 Fair Emp. Prac. Cas. (BNA) 1671 (E.D.N.Y. 2013) (same); Borden v. Wavecrest Mgt. Team Ltd., 11 Civ. 6737, 2012 U.S. Dist. LEXIS 134092, at *4-5 (S.D.N.Y. Sept. 17, 2012) ("the CBA unambiguously mandates bringing arbitration of Plaintiff's ADA discrimination claim"); Duraku v. Tishman Speyer Props., Inc., 714 F. Supp. 2d 470, 471-72 (S.D.N.Y. 2010) (CBA explicitly enumerated Title VII, NYSHRL and local statutes for which grievance and arbitration provision shall be "sole and exclusive remedy for violations"); Borrero v. Ruppert Housing Co., Inc., 08 Civ. 5869, 2009 U.S. Dist. LEXIS 52174, at *7 (S.D.N.Y. June 19, 2009) (CBA expressly listed Title VII and ADA for which grievance and arbitration provision shall be "sole and exclusive remedy for violations"). Unlike the provisions in the collective bargaining agreements in those cases, the CBA here does not state that clams made pursuant to Title VII, Section 1981, NYSHRL, the FLSA and New York Labor Law. Thus, Defendants' reliance on these cases is misplaced.[1]

Finally, it deserves note that Mr. Lawrence's union, SEIU Local 32BJ ("Local 32BJ"), negotiated the collective bargaining agreements at issue in every case cited by Defendants. Indeed, if Local 32BJ intended to require Mr. Lawrence to submit his statutory discrimination and retaliation claims to the mandatory grievance and arbitration procedures, it would have enumerated such statutes in the "No Discrimination" and/or arbitration provisions in the CBA as it did in the collective bargaining agreements at issue in those other cases. However, Local 32BJ did not include such language in the CBA, and thus did not clearly and unmistakably intend to require its members to arbitrate such claims.

Based on the foregoing, Defendants' anticipated Motion to Dismiss will be futile. We look forward to explaining our position in further detail at the pre-motion conference.

Respectfully Submitted,

Andrew Goodstadt

cc: Jessica M. Baquet, Esq. (by ECF and regular mail)

---

[1] The same holds true for Mr. Lawrence's retaliation claims under the FLSA and New York Labor Law. Not only are these statutes not enumerated, but Mr. Lawrence's clams are not related to the "wage and hour provisions" in the CBA. Rather, they are claims of retaliation, and not for the underlying wage violations.