UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WINSTON LAWRENCE,

                Plaintiff,

    -against-                                    **MEMORANDUM & ORDER**
                                                      14-CV-3616 (DRH)(GRB)

SOL G. ATLAS REALTY CO., INC.,
PETER FIDOS, in his official and individual
capacities, and SANDRA ATLAS BASS, in
her official and individual capacities,

                Defendant.
--------------------------------------------------------X

**APPEARANCES:**

**GOODSTADT LAW GROUP, PLLC**
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, NY 11514
By:    Andrew S. Goodstadt, Esq.

**JASPAN SCHLESINGER LLP**
Attorneys for Defendants
300 Garden City Plaza
Garden City, NY 11530
By:    Stanley A. Camhi, Esq.
         Jessica M. Baquet, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Winston Lawrence ("plaintiff" or "Lawrence") commenced this employment discrimination action against defendants Sol G. Atlas Realty Co., Inc. ("Atlas"), Peter Fidos ("Fidos") and Sandra Atlas Bass ("Bass") (collectively "defendants") alleging discrimination and retaliation on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981") and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*. ("NYSHRL"); also asserted are claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3) and the New York Labor Law ("NYLL").  Thereafter, defendants moved to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*. and to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6), which motion was referred to Magistrate Judge Gary R. Brown for a Report and Recommendation ("R & R"). On June 16, 2015, Judge Brown issued a R & R recommending that the motion to compel arbitration be granted and that the case be dismissed.  Presently before the Court are plaintiff's objections to that R & R.  For the reasons set forth below, Lawrence's objections are denied and Judge Brown's R & R is adopted.

## BACKGROUND

The following facts are taken from the Complaint and considered true for purposes of this motion.  Additional facts are taken from the collective bargaining agreement which governs plaintiff's employment with Atlas.

Atlas is a real estate and property management company that specializes in the rental and management of residential apartments.  Compl. ¶ 15.  Plaintiff, a West Indian/Black, has been employed by Atlas since April 1994 and at the time of the events at issue was employed as a porter and responsible for the overall

2

maintenance and cleanliness of the interior and exterior of his assigned buildings and grounds in Atlas's Great Neck complex. *Id*. ¶¶ 16-18.

In July 2008, Fidos, a Caucasian/Polish-American was hired as superintendent of the Great Neck complex and became plaintiff's supervisor. *Id*. ¶ 21. Fidos engaged in a pattern of discriminatory treatment towards plaintiff and other West Indian and or Black porters. *Id*. ¶ 23. Among other things, Fidos hired almost exclusively Causcasian and/or Polish American employees, *id*.; made disparaging remarks about Blacks and West Indians, *id*. ¶¶ 24, 28; and subjected plaintiff and the other Black and/or West Indian porters to unequal treatment, scrutiny, discipline and harassment, *id*. ¶¶ 25-28, 31-38, 44-47. When plaintiff complained to Bass, Atlas' Chief Executive officer, she took no action. *Id*. ¶¶ 9, 49. In fact, in response to plaintiff's complaints to Bass and his EEOC complaint, Fidos retaliated by increasing the frequency of baseless discipline and write-ups, suspending plaintiff and docking his pay, and setting the time clock ahead to make it appear plaintiff was late. *Id*. ¶¶ 52-59.

Fidos also retaliated against plaintiff for participating in a Department of Labor's investigation of Atlas' failure to pay its employees for overtime by ostracizing plaintiff, threatening him, and subjecting him to increased scrutiny, discipline and write-ups. *Id*. ¶¶ 64-71.

Plaintiff commenced the present action after the EEOC determined there was probable cause to believe Atlas discriminated against him on account of his race

3

and issued a right to sue letter.  *Id*. ¶¶11-12.

Plaintiff employment as a porter was governed by a collective bargaining agreement ("CBA") between the Service Employees International Union Local 32 BJ, of which he was a member, and Atlas.  *See* Baquet Declar., Ex. A.  The CBA contains provisions concerning unions members' terms and conditions of employment including wages and hours as well as a mandatory arbitration provision.  *Id.* Ex. A Art. IX & V.  The arbitration provision provides that any disputes or grievances regarding these matters "shall be submitted to the Office of the Contract Arbitrator" and that "[t]he procedures herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues." *Id.*, Ex. A, Art. V.  The CBA also contains a "No Discrimination" clause, which cross references the mandatory arbitration provision and states as follows:

> **NO DISCRIMINATION** - There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability of any individual in accordance with applicable law, national origin, sex, sexual orientation, union membership, or any characteristic protected by law.  Any dispute under this provision shall be subject to the grievance and arbitration procedure (Article V).

Plaintiff did not attempt to resolve his claims through the CBA's grievance and arbitration procedure.

4

## DISCUSSION

I.  Legal Standard

   A.  Review of Report and Recommendation

Rule 72(b)(3) provides that "a district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U .S.C. § 636(b)(1)(B). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

   B.  Motion to Dismiss

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court clarified the pleading standard applicable in evaluating a motion to dismiss under rule 12(b)(6).

The Court in *Twonbly* disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562. Instead, to survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

5

are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555)).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting Twombly, 550 U.S. at 556-57) (internal citations omitted). In determining a motion to dismiss, a court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint

6

as exhibits, and any documents incorporated in the complaint by reference."

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

## II. The CBA Clearly and Unmistakably Requires Arbitration of Plaintiff's Claims

When a party seeks to compel arbitration of a federal statutory claim, a court must determine "whether Congress intended those claims to be nonarbitrable" and if the claims are susceptible to arbitration, whether the parties intended to arbitrate such claims, as indicated by the terms of their agreement to arbitrate, in this case the CBA. *See JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004).

It is well established that Title VII, § 1981, and FLSA claims, as well as New York Human Rights and Labor Law claims, are susceptible to arbitration and plaintiff does not suggest otherwise. *See, e.g., Washington v. William Morris Endeavor Entm't LLC,* 2011 WL 3251504, at *10 (S.D.N.Y. July 20, 2011) (Title VII and § 1981 claims subject to arbitration); *Reynolds v. De Silva*, 2010 WL 743510, at *5 (S.D.N.Y. Feb. 24, 2010) (FLSA and New York Labor Law claims arbitrable); *Shipkevich v. Staten Island Univ. Hosp.*, 2009 WL 1706590, *1 (E.D.N.Y. June 16, 2009) (Title VII claims arbitrable); *Rodriguez v. Four Seasons Hotels, Ltd*, 2009 WL 2001328 (S.D.N.Y. July 10, 2009) (claims under New York State Human Rights Law arbitrable);

Having determined that the statutory claims are susceptible to arbitration, the next inquiry is whether the parties intended to arbitrate such claims. It is now

7

established that with respect to arbitration clauses in collective bargaining agreements there must be a "clear and unmistakeable" intent to arbitrate statutory claims and waive the employees' right to a judicial forum for determine of such claims. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009); *see Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, (1998) (rejecting any presumption of the arbitrability of federal statutory claims pursuant to a CBA and requiring that any such waiver of a judicial forum in favor of arbitration must be "clear and unmistakable"). If the CBA's waiver is clear and unmistakable, the arbitration provision is enforceable as a matter of federal law." *Pyett*, 556 U.S. at 274.

In *Wright*, the Supreme Court determined that the waiver of a federal forum for discrimination claims in a collective bargaining agreement was not clear and unmistakable and therefore the plaintiff could proceed to litigate his federal claims in court despite the CBA's broad arbitration clause. The employer in Wright relied on several provisions in the agreement. One section provided for arbitration for "[m]atters under dispute," and another stated that the "Agreement is intended to cover all matters affecting wages, hours and other terms of employment." A third section provided that "[i]t is the intention and purpose of all parties hereto that no provision or part of this agreement shall be violative of any Federal or State law." 525 U.S. at 80-81. Without addressing the issue of enforceability, the Court stated that as a condition precedent to enforceability, CBAs that purport to waive an individual's right to bring discrimination claims in federal courts must be "clear and unmistakable." *Id*. at 80. Addressing first the reliance on the "cover all matters"

8

provision, the Court observed that "even if this could, in isolation, be considered a clear and unmistakable incorporation of employment discrimination laws (which is doubtful), it is surely deprived of that effect by the provision later in the same paragraph that '[a]nything not contained in this Agreement shall not be construed as being part of this Agreement.' " *Id*. at 81.  The Court also rejected the argument that the clear and unmistakable requirement was met because the clause providing for no provision of the CBA to be violative of any law required the arbitrator to apply legal definitions derived from the ADA in determining whether the plaintiff was qualified for employment.  According to the Court, "that is not the same as making compliance with the ADA a contractual commitment that would be subject to the arbitration clause." *Id*.

In *Rogers v. New York University*, 220 F.3d 73 (2d Cir. 2000), *abrogated on other grounds* by *Pyett*, 129 S. Ct. at 1474, the Second Circuit addressed *Wright's* clear and unmistakeable standard.  Therein, an employer moved to compel arbitration of an employee's claims for violations of the Americans with Disabilities Act, the Family Medical Leave Act and New York State and City Human Rights Laws, relying on an arbitration provision in a union-negotiated CBA.  That CBA contained a "no discrimination" provision which provided "[t]here shall be no discrimination as defined by applicable Federal, New York State and New York City laws, against any present or future employee by reason of . . . physical or mental disability . . . ." *Id* at 74.  There was also a provision that "employees are entitled to all provisions of the Family and Medical Leave Act of 1993 that are not

9

specifically provided for in this agreement." *Id*. "A separate grievance and arbitration clause in the CBA provide[d] in substance that disputes arising under the agreement shall be arbitrated." *Id*.

The *Rogers* Court held the motion to compel arbitration was properly denied under *Wright's* clear and unmistakable standard and stated that a waiver will meet that standard if <u>either</u> of two conditions is met. "First, a waiver is sufficiently explicit if the arbitration clause contains a provision whereby employees specifically agree to submit all federal causes of action arising out of their employment to arbitration." *Id*. at 76. "Second, a waiver may be sufficiently clear and unmistakable when the CBA contains an explicit incorporation of the statutory anti-discrimination requirements in addition to a broad and general arbitration clause." *Id*. In the latter case, "identifying the antidiscrimination statutes by name or citation is required." *Id*. Measured against these two standards, the *Rogers* court found there was no clear and unmistakable waiver. The first standard was not met because while there was a no discrimination clause, there was only a broad, general arbitration clause encompassing disputes concerning the interpretation, application or violation of the CBA. The second standard was not met because the CBA did not make compliance with the FMLA a contractual commitment.

Defendants maintain that the *Rogers* Court's recitation of how the clear and unmistakable standard can be met is dicta because prior to addressing whether the arbitration clause was clear and unmistakeable, it held that the arbitration

10

provisions contained in a union-negotiated CBA by which employees purport to waive their right to a federal forum with respect to statutory claims are not enforceable.[1] However, courts both within and without this circuit have continued to determine whether a waiver is clear and unmistakably under the two standards enunciated in *Rogers*, *see, e.g. Gjoni v. Orsid Realty Corp.*, 2015 WL 4557037, *3 (S.D.N.Y. July 22, 2015); *Isaacs v. Cent. Parking Sys. of New York Inc.*, 2012 WL 957494, *3 (E.D.N.Y. 2012); *Ibarra v. United Parcel Serv.*, 695 F.3d 354, 359-60 (5th Cir. 2012); *Montgomery v. Compass Airlines LLC*, – F.3d –, 2015 WL 1522248; *Wawock v. CSI Elec. Contractors, Inc.*, 2014 WL 5420900 (C.D.Cal. Oct. 21, 2014) and so will this Court.

    Here, the CBA prohibits discrimination "in accordance with applicable law" on the basis of any characteristic protected by law and explicitly states that disputes under the discrimination provision are subject to the grievance and arbitration procedure. As the CBA does not specifically identify federal statutes either by name or citation, *Rogers*' second standard is not met. Therefore, the question is whether the instant CBA complies with the first standard, i.e. whether employees covered by the CBA specifically agree to submit all federal causes of action arising out of their employment to arbitration. Both here and in *Rogers*, there is a section in the CBA providing for no discrimination in accordance with

---

[1] This portion of the *Rogers* decision was abrogated by *Pyett*. A noted earlier, the *Pyett* Court held that union-negotiated waivers of employees' statutory right to a judicial forum for claims of employment discrimination are enforceable. 556 U.S. at 274.

"applicable law." What distinguishes this case from *Rogers,* is that here there is not simply a broad separate arbitration clause providing that disputes under the CBA shall be arbitrated. Rather, the no discrimination clause in this CBA specifies that disputes under the no discrimination clause are subject to arbitration in accordance with the CBA's arbitration provision, pursuant to which arbitration is the exclusive method for determination of disputes. Accordingly, the CBA meets the first *Rogers* standard.

Contrary to plaintiff's assertion, that the CBA does not specifically "incorporate the statutory requirements by name or citation" is not fatal. [Pl.'s Mem. in supp. of Objections at 12.] As noted above, such incorporation is required only to meet the second *Rogers* standard. *See Rogers*, 220 F.3d 73 (noting that under the explicit incorporation standard courts agree that identifying the antidiscrimination statutes by name or citation is required). Also, that the language in the instant case differs from the language sanctioned in *Pyett* does not mandate the conclusion that the instant waiver is less than clear and unmistakable. Indeed, none of the cases within this circuit relied on by the parties - either granting or denying a motion to compel arbitration on the basis of a CBA - contain the same language as this case.

In sum, the Court finds that Judge Brown correctly determined that "the language of the CBA demonstrates a clear intent by the parties to arbitrate any wage and hour disputes as well as any discrimination claims." R & R at 8. Having considered all of plaintiff's arguments *de novo*, the Court adopts Judge

Brown's Report and Recommendation.

The Court does note, however, that after the issuance of the R & R, the Second Circuit decided *Katz v. Cellco Partnership*, – F.3d – , 2015 WL 4528658 (2d Cir. July 28, 2015). In *Katz* the Circuit discussed whether a case should be stayed or dismissed when all claims have been referred to arbitration. Finding that a mandatory stay comports with the Federal Arbitration Act's statutory scheme and pro-arbitration policy, the Court concluded that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all claims in an action have been referred to arbitration and a stay requested." *Id*. at *6. Here, neither party has requested a stay and, accordingly, the Court shall dismiss the action. In the event either side wishes the Court to revisit this issue, they may do so by letter application filed within ten (10) days of the date hereof.

Defendants' motion to compel arbitration is granted.

## CONCLUSION

Plaintiff's objections to the R & R are denied and the Court adopts Judge Brown's R & R, grants the motion to compel arbitration, and dismisses this case.

**SO ORDERED.**

Dated: Central Islip, New York        s/ Denis R. Hurley
     August 27, 2015        Denis R. Hurley
                                                    United States District Judge