

**Jessica M. Baquet**
Partner
(516) 393-8292
jbaquet@jaspanllp.com
REPLY TO GARDEN CITY OFFICE

November 4, 2016

**Via ECF**
Hon. Denis R. Hurley
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 10722-9014

      Re:    **Lawrence v. Sol G. Atlas Realty Co., Inc., et al.
14-cv-3616 (DRH)(GRB)**

Dear Judge Hurley:

      This firm represents Sol G. Atlas Realty Co., Inc. ("Atlas"), Sandra Atlas Bass ("Bass") and Peter Fidos ("Fidos"), defendants in the above-captioned action. As Your Honor may recall, this Court previously granted a motion by defendants to dismiss the Complaint of Winston Lawrence ("Plaintiff") and to compel Plaintiff to arbitrate. See Docket No. 25. Plaintiff appealed from that decision and, on October 28, 2016, the United States Court of Appeals for the Second Circuit vacated this Court's judgment dismissing the action and remanded the case for further proceedings. See Docket No. 28.

      In their previous motion to dismiss, defendants argued that the case should be dismissed because Plaintiff's claims were subject to mandatory arbitration. They also argued in the alternative that some of the claims in Complaint were subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Because Your Honor determined that Plaintiff's claims were subject to arbitration, defendants' alternative arguments were not reached by the Court.

      In light of the Second Circuit's recent decision, defendants now write pursuant to Your Honor's Individual Rule III(A)(ii) to request a pre-motion conference in connection with a second motion to dismiss that defendants intend to file. By way of this motion, defendants intend to renew the alternative arguments made in their first motion to dismiss,[1] which are summarized below.

---

[1] Because defendants previously raised these arguments in their first motion, a second motion to dismiss does not violate Fed. R. Civ. P. 12(g)(2).



Hon. Denis R. Hurley
Page 2
November 4, 2016

*Factual Background*

The following facts are taken from Plaintiff's Complaint. Atlas is a property management company that specializes in the rental and management of residential apartments. Complaint ¶ 15. Bass is Atlas' Chief Executive Officer. Id. at ¶ 9. Plaintiff has been employed by Atlas as a porter since 1994 and continues in that position to date. Id. at ¶¶ 17-18. During the time period relevant to this lawsuit, Plaintiff was, and still is, assigned to work at Atlas' Schenck-Welwyn Apartments ("Schenk-Welwyn") in Great Neck. Id. at ¶ 18. Fidos is Plaintiff's direct supervisor at Schenk-Welwyn. Id. at ¶ 8.

In the Complaint, Plaintiff alleges has been discriminated against by Bass and Fidos since 2008 because he is Black and/or West Indian. Lawrence also alleges that he was unlawfully retaliated against for participating in a Department of Labor investigation and for depositing a check for the payment of overtime wages. Based on these allegations, the Complaint asserts claims of discrimination, retaliation and aiding and abetting in violation of various state and federal laws.

Defendants vehemently deny the Complaint's substantive allegations. The foregoing notwithstanding, defendants believe that some of the claims in the Complaint have not been properly stated and must be dismissed.

More specifically, Plaintiff's Title VII retaliation claim and portions of his Title VII discrimination claim are barred because Plaintiff failed to exhaust his administrative remedies. "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[] and, as such, a precondition to bringing such claims in federal court." Tanvir v. New York City Health & Hospitals Corp., 480 Fed. App'x 620, 621 (2d Cir. 2012) (quoting Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Plaintiff failed to exhaust his remedies with respect to the retaliation claim because he did not allege facts supporting such a claim in the charge that he filed with the EEOC, and he also did not check the box for retaliation on the charge form. Further, certain discrete acts of discrimination alleged in the Complaint were not presented to the EEOC within three hundred days of their occurrence and, therefore, cannot now be pursued in Court. See Petrosino v. Bell Atl., 385 F.3d 210, 219 (2d Cir. 2004).

Plaintiff also failed to state a claim of retaliation under §1981 and the New York State Human Rights Law. To state a claim, a plaintiff must plead facts that would tend to show that: (1) he participated in a protected activity known to the defendants; (2) the defendant took an employment action disadvantaging the plaintiff; and (3) there exists a causal connection between the protected activity and the adverse action. See Feingold v. New York, 366 F.3d 138, 156 (2d Cir. 2004). Although the Complaint intimates that Plaintiff complained to Bass about certain



Hon. Denis R. Hurley
Page 3
November 4, 2016

aspects of his employment, it does not allege that she ever took any adverse action against him. Simultaneously, while the Complaint alleges that Fidos took certain actions against Plaintiff, it does not allege that Plaintiff complained to Fidos, that Fidos was aware of any complaints Plaintiff made to Bass, or that Fidos' actions were motivated by the fact that Plaintiff made certain complaints.

Similarly, Plaintiff's retaliation claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") should be dismissed because Plaintiff has failed to sufficiently allege that adverse actions were taken against him because he engaged in an activity that is protected by these statutes. Those claims are also time-barred, since both the FLSA and the NYLL provide for a two year statute of limitations and Plaintiff failed to bring his claims until three years after he ostensibly participated in a Department of Labor investigation. See 29 U.S.C. §255 (2016); N.Y. Labor Law §215 (1), (2) (2016).

For the foregoing reasons, defendants request that the Court schedule a pre-motion conference, or set a briefing schedule relative to defendants' motion to dismiss if the Court deems it appropriate.

Thank you for your consideration of this matter.

Respectfully submitted,

*Jessica M. Baquet*

Jessica M. Baquet

cc: Andrew S. Goodstadt, Esq. (via ECF)

JXB/D1159622v1/M064707/C0008140

300 Garden City Plaza, Garden City, NY 11530 | Tel: 516.746.8000 | Fax: 516.393.8282 | www.jaspanllp.com
56 Park Avenue, Suffern, NY 10901 | Tel: 845.357.0036 | Fax: 845.357.0297 | The Right Decision